# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL, #N-41754, )
)
      Plaintiff, )
)
vs. ) CIVIL NO. 10-cv-974-JPG
)
PINCKNEYVILLE CORRECTIONAL )
CENTER, et al., )
)
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Stateville Correctional Center, was at all times relevant to this action held in the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). While being held in administrative segregation, Plaintiff received threats from an inmate who was tasked with delivering food trays to other inmates. This inmate threatened to place his genitals on Plaintiff's food tray. As a result, Plaintiff informed Defendant Johnson that he did not want this inmate delivering his food. Defendant Johnson ignored this request and walked away. The inmate then came to Plaintiff's cell to deliver the food, and Plaintiff threw a juice container at him. Correctional Officers then came to Plaintiff's cell and removed his cellmate. Defendants Hicks, Harbison, and Johnson then returned to Plaintiff's cell, and motioned to the threatening inmate to enter. Plaintiff attempted to exit the cell, but Defendants grabbed him and held him while the threatening inmate beat Plaintiff. Plaintiff was then taken to the hospital, where he was treated for his wounds.

**Discussion:**

Plaintiff alleges that the actions of Defendants Hicks, Harbison, and Johnson amounted to a failure to protect him from the assault by the threatening inmate. In *Farmer v. Brennan*, 511 U.S.

2

825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Further, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S.Ct. at 1180 (*citing Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Plaintiff alleges not only that the threatening inmate assaulted him, but that he was given the opportunity to assault Plaintiff by Defendants Hicks, Harbison, and Johnson. Plaintiff further alleges that these Defendants held Plaintiff down while the inmate was assaulting him. Because it is not clear at this point that these Defendants were acting in an effort to "maintain or restore discipline", this claim cannot be dismissed at this time.

Plaintiff also alleges that Defendant Pinckneyville Correctional Center is liable for the assault and the actions of Defendants Hicks, Harbison, and Johnson. However, the doctrine of respondeat superior does not apply to § 1983 actions, so that in order to be liable a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(discussing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Where a defendant has been alleged to have directed the conduct or to have given knowledge or consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not

3

participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Board of Comm'rs of Madison Co.,* 226 F.3d 558, 566 (7th Cir. 2000). Defendants in a supervisory capacity may then be liable for "deliberate, reckless indifference" where they have purposefully ignored the misconduct of their subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)(discussing *Chavez*, 251 F.3d at 651("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Plaintiff has not alleged that Defendants Hicks, Harbison, and Johnson acted with the knowledge or consent of Defendant Pinckneyville Correctional Center, or that this Defendant directed the action. As a result, Defendant Pinckneyville Correctional Center has not been shown to be sufficiently personally involved so as to be liable for the actions of the other Defendants. As a result, Plaintiff has not stated a claim against Defendant Pinckneyville Correctional Center, and it is dismissed from this action with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendant **PINCKNEYVILLE CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **HICKS, HARBISON,** and **JOHNSON** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will

require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 31, 2011**

            *s/J. Phil Gilbert*
            **United States District Judge**