IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL,

    Plaintiff,

v.

PINCKNEYVILLE CORRECTIONAL
CENTER, *et al.*,

    Defendants.

Case No. 10-cv-974-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter is before this Court on the motions of plaintiff Cleother Tidwell's stand-by counsel for issuance and service of a trial subpoena at government expense (Docs. 195 & 200). The Court notes that no *per diem* witness fee or mileage fee has been tendered for service of the subpoena on the witness as required by 28 U.S.C. § 1821. The Court does not have the authority to waive these fees or to advance them, even for indigent litigants. *See McNeil v. Lowery*, 831 F.2d 1368, 1373 (7th Cir. 1987); *see also Armstead v. MacMillan*, No. 01-3637, 2003 WL 77198, *2, 58 Fed. App'x 210, 213 (7th Cir. 2003); *Shaffer v. Brinegar*, No. 00-3065, 2001 WL 1530604, *2, 23 Fed. App'x 580, 584 (7th Cir. 2001). For this reason, the Court **DENIES** the motion for issuance and service of subpoenas (Docs. 195 & 200).

    The Court reminds stand-by counsel that, as an officer of the Court, he may issue a subpoena on his own, Fed. R. Civ. P. 45(a)(3), and arrange for service of the subpoena and the necessary fees by any person at least 18 years old, Fed. R. Civ. P. 45(b)(1). Service by someone other than the United States Marshals Service is likely to be the most expedient way of accomplishing service. The necessary fees may be recoverable as costs should Tidwell prevail at trial, *see* 18 U.S.C. § 1821(c)(4), 18 U.S.C. § 1920, or reimbursable as out-of-pocket costs if

advanced by stand-by counsel even if Tidwell does not prevail at trial, *see* Plan for Administration of the District Court Fund § 2.6.

**IT IS SO ORDERED.**
**DATED:   April 8, 2014**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
