Members of the jury, you have seen and heard all the evidence.   Now I will instruct you on the law, and then you will hear the arguments of the plaintiff and the defendants` attorney.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

COURT'S FINAL JURY INSTRUCTION NO. 1

1.01   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Defendants' No. 2
7th Cir. P. I. 1.02

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Defendants' No. 3
7th Cir. P. I. 1.04

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the plaintiff, while he was not testifying under oath, and the defendants' lawyer are not evidence. They have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the plaintiff's and the defendants' lawyer's opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what they said, your memory is what counts.

COURT'S FINAL JURY INSTRUCTION NO. 2

1.06   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

COURT'S FINAL JURY INSTRUCTION NO. 3

1.11   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

COURT'S FINAL JURY INSTRUCTION NO. 4

1.12   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Defendants' No. 7
7th Cir. P. I. 1.08

Given  _____
Given as Modified  _____
Refused  _____
Withdrawn  _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-    the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-    the witness's memory;

-    any interest, bias, or prejudice the witness may have;

-    the witness's intelligence;

-    the manner of the witness while testifying;

-    and the reasonableness of the witness's testimony in light of all the evidence in the case.

COURT'S FINAL JURY INSTRUCTION NO. 5

1.13   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

_____ FINAL JURY INSTRUCTION NO. \_\_\_\_

1.05   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

You may consider statements given by a party, or a witness under oath, before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

_____ FINAL JURY INSTRUCTION NO. _____

1.14   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

You have heard evidence that some witnesses have been convicted of a crime. You may consider this evidence only in deciding whether a witness's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

_____ FINAL JURY INSTRUCTION NO. _____

1.15   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

COURT'S FINAL JURY INSTRUCTION NO. 6

1.17   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendants' No. 14
7th Cir. P. I. 1.18

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Defendant's No. 5
7th Cir. Pattern Jury Instruction 1.09

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

A diagram has been shown to you. This diagram is used for convenience and to help explain the facts of the case. It is not itself evidence or proof of any facts.

_____ FINAL JURY INSTRUCTION NO. ____

1.24   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendants' No. 6
7th Cir. P. I. 1.07

Given  _____
Given as Modified  _____
Refused  _____
Withdrawn  _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Defendants' No. 13
7th Cir. P. I. 1.16

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Plaintiff claims he was injured and sustained damages and that defendants Bryce Hicks, Cory Harbison, and Paul Johnson violated Plaintiff's right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment in the following respect:

> by failing to protect plaintiff from the risk of attack by another inmate and by giving the other inmate the opportunity to assault plaintiff at Pinckneyville Correctional Center on November 30, 2008.

The plaintiff further claims that the foregoing caused his injuries.

Defendants deny failing to protect plaintiff, deny giving another inmate the opportunity to assault plaintiff, deny any wrongdoing, and deny that any claimed act or omission on their part caused plaintiff's claimed injuries.

_____ FINAL JURY INSTRUCTION NO. \_\_\_\_\_

Modif of Def 17 to conform to FPTO description of nature of claim & to remove prox cause language

The defendants in this case are being sued as individuals for their alleged personal acts.

Neither the State of Illinois nor the Illinois Department of Corrections is a party to this lawsuit.

Defendants' No. 24
7th Cir. P. I. 7.01 (modified)

Given \_\_\_\_\_
Given as Modified \_\_\_\_\_
Refused \_\_\_\_\_
Withdrawn \_\_\_\_\_

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

COURT'S FINAL JURY INSTRUCTION NO. 7

1.27   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

To succeed on his claim of failure to protect, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Inmate Levi Hoyle viciously beat Plaintiff on or around November 30, 2008,

2. Defendant was deliberately indifferent to the substantial risk of such an attack; and

3. As a result of Defendant's conduct, Plaintiff was harmed;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a defendant, then you should find for Plaintiff against that defendant.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a defendant, then you should find for that defendant.

If you find for the plaintiff against any of the defendants, go on to consider the question of damages.   If you find for all of the defendants and against the plaintiff, you will not consider the question of damages.

_____ FINAL JURY INSTRUCTION NO. _____

7.11   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION modified

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm, and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether Defendant failed to take reasonable measures, you may consider whether it was practical for him to take corrective action.

If Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Plaintiff was ultimately harmed.

_____ FINAL JURY INSTRUCTION NO. _____

7.14   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

To succeed on his claim of excessive use of force, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant used force on Plaintiff;

2. Defendant intentionally used extreme or excessive cruelty toward Plaintiff for the purpose of harming him, and not in a good faith effort to maintain or restore security or discipline; and

3. Defendant's conduct caused harm to Plaintiff;

In deciding whether Plaintiff has proved that Defendant intentionally used extreme or excessive cruelty toward Plaintiff, you may consider such factors as:

- the need to use force;

- the relationship between the need to use force and the amount of force used;

- the extent of Plaintiff's injury;

- whether Defendant reasonably believed there was a threat to the safety of staff or prisoners; and

- any efforts made by Defendant to limit the amount of force used.

In using force against a prisoner, officers cannot realistically be expected to consider every contingency or minimize every possible risk. You must give prison officials leeway to adopt and carry out policies and practices that in their reasonable judgment are needed to preserve order and discipline and to maintain security in the prison.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a defendant, then you should find for Plaintiff against that defendant.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a defendant, then you should find for that defendant.

If you find for the plaintiff against any of the defendants, go on to consider the question of damages.   If you find for all of the defendants and against the plaintiff, you will not consider the question of damages.

_____ FINAL JURY INSTRUCTION NO. _____

7.15   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION w/ "leeway" language

You must give separate consideration to each party in this case. Although there are multiple defendants. it does not follow that if one is liable, the others are also liable.

Defendants' No. 16                                              Given _____
7th Cir. Pattern Jury Instruction 1.25 (modified)      Given as Modified _____
                                                           Refused _____
                                                          Withdrawn _____

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Defendants' No. 25
7th Cir. P. I. 1.31 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of defendant's unconstitutional actions. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

If you find in favor of plaintiff but find that plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount of one dollar ($1.00).

Defendants' No. 26
7th Cir. P. I. 7.23 (Modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find for Plaintiff, you may, but are not required to, assess punitive damages against a defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the defendant's conduct;

- the impact of the defendant's conduct on Plaintiff;

- the relationship between Plaintiff and the defendant;

- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

_____ FINAL JURY INSTRUCTION NO. _____

7.24   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in the appropriate form or forms, and all of you will sign the appropriate form or forms.

COURT'S FINAL JURY INSTRUCTION NO. 8

1.32   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties in whole or in part, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

COURT'S FINAL JURY INSTRUCTION NO. 9

1.34   7TH CIRCUIT PATTERN CIVIL JURY INSTRUCTION

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

COURT'S FINAL JURY INSTRUCTION NO. 10

AO Recommended instruction

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL, # N–41754,     )
                                          )
          Plaintiff,         )
                                          )
     vs.                     )    No. 10-cv-974-JPG
                                          )
BRYCE HICKS, CORY L. HARBISON,   )
and PAUL L. JOHNSON,         )
                                          )
         Defendants.       )

## JURY VERDICT FORM A

On plaintiff Cleother Tidwell's Eighth Amendment claim against defendants Bryce

Hicks, Cory Harbison, and Paul Johnson, we find in favor of the plaintiff and against the

following defendant(s)

_____

_____.

We assess compensatory damages in the amount of $_____.

We assess punitive damages, if any, against the following defendant:

         Bryce Hicks in the amount of $_____.

         Cory Harbison in the amount of $_____.

         Paul Johnson in the amount of $_____.

Foreperson:    _____    _____

                  _____    _____

                  _____    _____

                  _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL, # N–41754,    )
                )
    Plaintiff,       )
                )
  vs.           )  No. 10-974-JPG
                )
BRYCE HICKS, CORY L. HARBISON,  )
and PAUL L. JOHNSON,     )
                )
    Defendants.     )

## JURY VERDICT FORM B

On plaintiff Cleother Tidwell's Eighth Amendment claim against defendants Bryce

Hicks, Cory Harbison, and Paul Johnson, we find for defendant(s)

_____

_____

and against the plaintiff Cleother Tidwell.

Foreperson:  _____  _____

       _____  _____

       _____  _____

       _____