IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL,

    Plaintiff,

v.

PINCKNEYVILLE CORRECTIONAL CENTER, *et al.*,

    Defendants.

Case No. 10-cv-974-JPG

## **MEMORANDUM AND ORDER**

    This matter is before this Court on plaintiff Cleother Tidwell's "Motion to Add Document," which the Court construes as a motion to supplement the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B) (Doc. 336). He seeks to add a January 7, 2015, letter from the Office of the Attorney General for the State of Illinois approving the Illinois Department of Corrections' denial of Tidwell's request under the Freedom of Information Act for the address of a witness Tidwell wanted to subpoena to testify in the trial of this case.

    The record on appeal in all cases consists solely of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Generally, modification of a record on appeal is not permitted. "The appellate stage of the litigation process is not the place to introduce new evidentiary materials." *Berwick Grain Co. v. Illinois Dep't of Ag.*, 116 F.3d 231, 234 (7th Cir. 1997); *accord McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997) ("Evidence that was not proffered to the district court in accordance with its local rules is not part of the appellate record; it has no place in an appellate brief."). The Seventh Circuit has explained why a party may not supplement the record on appeal with evidence that the district court did not consider: "The parties may rely on appeal only on materials furnished to the district judge. Otherwise they deprive the opposing party of an opportunity to

comment on them and the district judge of an opportunity to evaluate their significance." *Henn v. National Geo. Soc'y*, 819 F.2d 824, 831 (7th Cir. 1987).

Rule 10(e) is a limited exception to the general rule forbidding modification of the record on appeal. It allows correction or modification "[i]f any difference arises about whether the record truly discloses what occurred in the district court[.]" Fed. R. App. P. 10(e)(1). When it arises, "the difference must be submitted to and settled by [the district] court and the record conformed accordingly." *Id.* "This rule is meant to ensure that the record reflects what really happened in the district court, but 'not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment.'" *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005) (quoting *United States v. Elizalde-Adame,* 262 F.3d 637, 641 (7th Cir. 2001)). However, where the record accurately reflects district court proceedings, Rule 10(e) is not applicable. *See, e.g., Elizalde-Adame*, 262 F.3d at 641.

The Court has reviewed the docket of this case and the letter Tidwell wishes to add to the record. It finds that the record on appeal accurately reflects the district court proceedings and contains no material omission or misstatement. The letter was not before the Court at the time Tidwell's case was pending here and played no part in the Court's decisions currently under review by the Court of Appeals. Accordingly, Rule 10(e) modification is inappropriate, and the Court **DENIES** the motion to supplement the record (Doc. 336). The Clerk of Court is **DIRECTED** to send a copy of this order to the Court of Appeals for consideration in connection with Appeal No. 14-2365.

**IT IS SO ORDERED.**
**DATED:   March 23, 2015**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**